O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA SILVER,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. CV 14-2845 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Monica Silver ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. Plaintiff contends that the Administrative Law Judge ("ALJ") erred by rejecting her treating physicians' opinions because they were prepared after the date she was last insured. (Joint Stip. at 3, 17-19, 31-34.) The Court agrees with Plaintiff for the reasons stated below.

    A.    <u>The ALJ Improperly Rejected Plaintiff's Treating Physicians' Opinions.</u>

As a general rule, "[i]f the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Orn v.*

*Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (citation and internal quotation marks omitted).

### 1. Doctors Fatima and Rashkin

Here, the time period in which Plaintiff was eligible for benefits was January 24, 2011 to March 31, 2011. (Administrative Record ("AR") at 22, 29.) In March 2012, two of Plaintiff's treating physicians, Dr. Jabeen Fatima and Dr. Alexander Rishkin, authored opinions supporting Plaintiff's disability claim. (*Id.* at 738, 756.)

Preliminarily, the ALJ rejected these opinions as "not relevant to this decision" because they were rendered after the date Plaintiff was last insured. (AR at 29.) However, neither opinion suggests an intent to limit its findings to after the relevant period.[1] (*Id.* at 738, 756.) Moreover, in forming their opinions, both doctors relied on earlier medical evidence, such as Plaintiff's physical therapy, cortisone injections, surgeries, and other medical treatment. (*Id.*) Some of this evidence originated before and during the relevant period. (*See, e.g., id.* at 256-60, 298-99, 410, 415, 483, 560, 622-24, 626-27, 633-34, 682-83, 706.) Accordingly, the ALJ erred in rejecting these opinions as irrelevant.[2] *See Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011) ("[M]edical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the preexpiration condition.") (internal quotation marks and citation omitted); *Barnard v. Comm'r of Soc. Sec. Admin.*, 286 F. App'x 989, 994 (9th Cir. 2008) ("In fact, it is not uncommon that a physician's examination completed two or more

---

[1] Dr. Rashkin indicated that he began treating Plaintiff in May 2011 and last saw Plaintiff in February 2012, but he does not specifically limit his opinion to that time period. (AR at 738.) Further, treatment records show he actually began treating Plaintiff as early as February 2011, within the relevant period. (*Id.* at 682-84.)

[2] Notably, the ALJ inconsistently credited the nonexamining medical expert's opinion, which was also rendered after the relevant period. (AR at 30, 50-51.)

years after the insured status expiration date is considered relevant.").

Moreover, the ALJ's second reason for rejecting the treating physicians' opinions – that "the overall record does not establish that the claimant was disabled" – is not sufficiently specific. (AR at 29); *see, e.g., McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (ALJ's rejection of treating physician's opinion because it contradicted the clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed.").

### 2. Doctor Kam

Contrary to the parties' assertions, the ALJ did not also reject treating physician Lori Kam's opinion because it was rendered after the date Plaintiff was last insured. (S*ee* Joint Stip. at 3, 17-20, 27, 31-32; AR at 29.) Rather, the ALJ improperly provided *no reason at all*, even though Plaintiff based her disability claim in substantial part on Dr. Kam's treatment and opinion, and repeatedly referenced both at her administrative hearings. (AR at 29, 42, 54, 57-59, 481-85); *see Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987) ("We find nothing in the ALJ's decision which indicates why [the treating physician's] medical findings, reports, and opinion were disregarded. Because the ALJ did not state reasons based on substantial evidence, we reverse the decision to deny benefits.").

Accordingly, the ALJ's rejection of Plaintiff's treating physicians' opinions is not supported by substantial evidence.

### B. Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister*, 888 F.2d at 603. Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to direct an immediate award of benefits. *Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where outstanding issues must be resolved before a determination can be made, or where the record does not make clear that proper evaluation of the evidence would require a disability finding, remand is

appropriate. *Id.* at 594.

Here, in light of the ALJ's error, Plaintiff's treating physicians' opinions must be assessed. Therefore, on remand, the ALJ shall evaluate the opinions and either credit them as true, or provide valid reasons for any rejected portion.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.[3]

Dated: March 25, 2015

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*

---

[3] In light of the Court's remand instructions, it need not address Plaintiff's remaining contentions. (*See* Joint Stip. at 3.)

4